S90A1665. DARNELL et al. v. HOLTZCLAW et al.
(401 SE2d 521)

SMITH, Presiding Justice.

The appellee, Trentha Joyce Holtzclaw, is the appellants' mother. The children's parents were divorced in 1971 and the appellee was awarded the marital residence subject to an estate for years in the six

children until the youngest became 21.[1] The first time this case appeared before this Court, the children asserted that the mother abandoned them and gave them the property in 1979. They sought a declaration of title to the house, and after the trial court granted a judgment on the pleadings to the mother, the children appealed. In *Sims v. Holtzclaw*, 259 Ga. 537, 540 (384 SE2d 656) (1989), this Court held "the children's claim, based on OCGA § 45-5-85, stated a claim against the mother and judgment on the pleadings should not have been granted."

The case went to trial on May 14, 1990, and the trial court granted the appellees' motion for a directed verdict at the conclusion of the appellants' evidence. We reverse.

1. The trial court order in this case stated three grounds for granting the motion.[2] Considering each ground within this division, we find that the trial court apparently accepted the appellees' argument that the land did not belong to the mother at the time of the alleged gift to the children. However, we had already held that the children's claim based on OCGA § 45-5-85 stated a claim against the mother. *Sims*, supra at 540. Additionally, "[a] remainder is an estate in land, and whether vested or contingent, may be freely assigned and conveyed." Ga. Real Est. Law, § 7-53, n. 3 (3d ed.). A vested remainder is a present estate, only the possession is postponed. OCGA § 44-5-40. At the time of the alleged gift, the mother had an assignable estate in land with only possession of the estate postponed.

Because there were conflicts in the evidence as to material issues, and the evidence introduced, with all reasonable deduction therefrom, did not demand a verdict for the appellees, OCGA § 9-11-50 (a), the trial court erred in directing a verdict at the conclusion of the appellants' evidence.

2. We agree with the appellants that the trial court erred in rein-

---

[1] The divorce agreement stated, in pertinent part: "(1) Husband shall convey to the wife the newly completed dwelling house and land by executing and delivering in the form attached hereto as "Exhibit A." The effect of such deed shall be to grant the children of the marriage an estate for years until their twenty-first birthday with a vested remainder in the wife."

[2] "A. O.C.G.A. § 44-5-85 is not applicable because the land which is the subject of this action had never 'belonged' to defendant Trentha Holtzclaw Hicks at the time the plaintiffs allege the period of seven years possession began.

"B. Further, O.C.G.A. § 44-5-85 is not applicable in that the evidence establishes, without contradiction, that no one of the plaintiffs had exclusive possession of the land for 'the space of seven years' as required by said section for the creation of a conclusive presumption of gift.

"C. No valid gift of the property is supported by any evidence that defendant Hicks had at the time of any alleged oral inter vivos gift of land involved any present interest which might be conveyed by an oral gift. [Cits.] Accordingly, plaintiffs' complaint against defendants is dismissed with prejudice and judgment is entered on behalf of defendants, and against plaintiffs on plaintiffs' claims."

stating the intervenors' *Yost* counterclaim. This Court in *Sims*, supra, found that the appellants had a valid claim; additionally, a third party who voluntarily inserts himself in an on-going action cannot file a *Yost* claim.

*Judgment reversed. All the Justices concur, except Benham and Fletcher, JJ., who dissent as to Division 1 and the judgment.*

DECIDED MARCH 7, 1991.

*Stokes & Associates, Fred J. Stokes,* for appellants.

*Stewart, Melvin & House, Frank W. Armstrong, Dimmock & Hill, J. Carey Hill, Thompson, Fox & Chandler, Robert B. Thompson,* for appellees.